ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

DEC 0 9 2002

Michael N. Milby, Clerk of Court

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

UNITED AMERICAN INTERNATIONAL, INC.,
a Texas corporation;
UNITED AMERICAN MANAGEMENT, INC.,
a Texas corporation;
UNITED AMERICAN COMPANY,
a Texas corporation;
LUIS MARTINEZ; GUILLERMO WYDLER;
UNITED WORLD CAPITAL, LTD.,
a British Virgin Islands corporation; and
UNITED WORLD CAPITAL FUND,
a Bahamas corporation,

Defendants,

Civil Action No.
H-00-3904

## FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST LUIS MARTINEZ

Plaintiff Securities and Exchange Commission ("Commission"), having filed its Complaint in this matter, and defendant Luis Martinez ("Martinez"), through his Stipulation and Consent ("Consent"), having admitted service of the Complaint, having waived service of process, having admitted the jurisdiction of this Court over him, having waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, having entered into his Consent voluntarily, no threats, promises of immunity or assurances having been made by the Commission or by any of its members, officers, agents or representatives to induce Martinez to enter into his Consent, having consented without admitting or denying any of the allegations in the Commission's Complaint except as to jurisdiction as set forth above, to entry without further notice of this Final Judgment of Permanent Injunction and Other Equitable Relief ("Final Judgment") enjoining Martinez from engaging in transactions, acts, practices and

109

courses business that constitute and would constitute violations of Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §77q(a)], Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 [17 C.F.R. §240.10b-5] promulgated thereunder, and Sections 206 (1) and (2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§80b-6 (1) and (2)]; and it further appearing that this Court has jurisdiction over defendant Martinez and over the subject matter of this action and that no further notice of hearing for the entry of this Final Judgment need be given; and the Court being fully advised in the premises:

1. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant Martinez, his agents, servants, employees, attorneys, and all other persons in active concert or participation with him who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are permanently enjoined from violating section 17(a) of the Securities Act [15 U.S.C. §77q(a)], directly or indirectly, in the offer or sale of a security, by making use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    a. to employ any device, scheme or artifice to defraud;

    b. to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

    c. to engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon any purchaser.

2. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Martinez, his agents, servants, employees, attorneys, and all other persons in active concert or participation with him who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are permanently enjoined

from violating section 10(b) of the Exchange Act and Rule 10b-5 thereunder [15 U.S.C. § 78j(b), 17 C.F.R. §240.10b-5], directly or indirectly, in connection with the purchase or sale of a security, by making use of any means or instrumentality of interstate commerce, of the mails or of any facility of any national securities exchange:

    a.    to use or employ any manipulative or deceptive device or contrivance;

    b.    to employ any device, scheme or artifice to defraud;

    c.    to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

    d.    to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

3.    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Martinez, his agents, servants, employees, attorneys, and all other persons in active concert or participation with him who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are permanently enjoined from violating or aiding and abetting violations of sections 206 (1) and (2) of the Advisers Act, [15 U.S.C. §§80b-6 (1) and (2)], by use of the mails or any means or instrumentality of interstate commerce,

    (a)    to employ any device, scheme or artifice to defraud any client or prospective client, or

    (b)    to engage in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client.

4.    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Martinez is ordered to pay a civil monetary penalty of $50,000, pursuant to the provisions of Section 20(d) of the Securities Act [15 U.S.C. §77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)] and Section 209(e) of the Advisers Act [15

U.S.C. §80b-9(e)], within 30 days of the entry of this Final Judgment. Pursuant to the FAIR funds provision of the Sarbanes-Oxley Act of 2002, all payments made pursuant to this paragraph shall be made by United States money order, certified check, bank cashier's check or bank money order, made payable to Gerry Pecht, of the law firm Fulbright & Jaworski LLP, the Court-appointed receiver in this matter.

5.  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Martinez shall pay disgorgement and prejudgment interest in the total amount of $300,000, with $100,000 to be paid within 30 days from the entry of this Final Judgment, and the remaining $200,000 to be paid within 180 days from the entry of this Final Judgment. Defendant Martinez is ordered to make all payments pursuant to this paragraph by United States money order, certified check, bank cashier's check or bank money order, made payable to Gerry Pecht, of the law firm Fulbright & Jaworski LLP, the Court-appointed receiver in this matter.

6.  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Consent filed herein be, and the same is hereby, incorporated in this Final Judgment with the same force and effect as if fully set forth herein.

7.  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction of this action for all purposes, including for purposes of entertaining any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court, including but not limited to the relief requested by the Commission in its Complaint in this action.

8.  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Final Judgment may be served upon defendant Martinez in person or by mail either by the United States marshal, by the Clerk of the Court or by any member of the staff of the Commission.

9.  There being no just reason for delay, the Clerk of this Court is hereby directed to enter this Final Judgment pursuant to Rule 54 of the Federal Rules of Civil

Procedure.

EXECUTED AND ENTERED at _____ o'clock p.m. CST this __5__ day of __Dec__, 2002.

*David Hittner*

United States District Judge

APPROVED AS TO FORM AND ENTRY

By: _____  11.12.02
Luis Martinez

APPROVED AS TO FORM AND ENTRY

By: _____
J. Randle Henderson
Attorney for Luis Martinez
Texas Bar No. 09424300
Henderson & Hammon, L.L.P.
1201 Louisiana, Suite 550
Houston, TX 77002
(713) 659-2575
(713) 659-1810 (fax)

APPROVED AS TO FORM AND ENTRY

By: _____
Spencer C. Barasch
District of Columbia Bar No. 388886
United States Securities and Exchange Commission
Fort Worth District Office
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102
(817) 978-6425
(817) 978-4927 (fax)